## Benjamin Fassett *versus* The First Parish in Boylston.

If a parish abandon its meetinghouse as a place of public worship, although it continue to be fit for that purpose, and erect a new one on a different site, it does not thereby subject itself to any liability to the proprietor of a pew in the old meetinghouse, it not appearing that the parish acted wantonly or with any intention to injure him.

This was an action on the case to recover compensation for a pew owned by the plaintiff, which was alleged to have been rendered useless by the acts of the defendants.

At the trial, before *Morton* J., it appeared, that the plaintiff owned a pew in the meetinghouse of the defendants, but that h had not been a member of the parish for some years ; that the defendants had removed a stone wall which supported an embankment at the end of the meetinghouse, and had used the

same for the foundation of a new meetinghouse erected by them ; but that, in other respects, the old meetinghouse remained in the same state as before.

It was admitted by the defendants, that, the old meetinghouse being inconvenient and unnecessarily large, and requiring expensive repairs, they had transferred their public worship to the new meetinghouse, and had abandoned the old one as a place of worship.

The jury were instructed, that if the old meetinghouse continued to be fit for public worship, the plaintiff was entitled to recover the value of his pew ; and the jury returned a verdict in his favor accordingly.

If this instruction was erroneous, a new trial was to be granted ; otherwise, judgment was to be rendered on the verdict.

*Oct. 5th.*    *Merrick* and *Washburn,* for the defendants, cited *Gay* v. *Baker,* 17 Mass. R. 435 ; *Daniel* v. *Wood,* 1 Pick. 102 ; *Wentworth* v. *First Parish in Canton,* 3 Pick. 344 ; *Howard* v. *First Parish in North Bridgewater,* 7 Pick. 138 ; Revised Stat. *c.* 20, § 31, 36, 37, 38.

*Barton,* for the plaintiff, cited *Revere* v. *Gannett,* 1 Pick. 170 ; *Howard* v. *First Parish in North Bridgewater,* 7 Pick. 138.

*Oct. 9th.*    WILDE J. delivered the opinion of the Court. The question is, whether upon the facts in the case, the plaintiff can maintain an action for compensation for the loss of the use of his pew. By the Revised Stat. *c.* 20, § 37 and 38, (which are substantially reënactments of statute provisions in force at the time when this action was commenced,) it is provided, that whenever any parish, being the owner of any meetinghouse, &c. shall deem it necessary, for the purpose of altering, repairing or rebuilding such meetinghouse, to take down any pews therein, it shall be lawful for them so to do ; and, in such case, the pews are to be first appraised, and the appraised value is to be paid to the owners thereof ; but that no person shall be entitled to compensation for a pew so taken down, in any case, where such house shall have become unfit for the purposes of public worship. It is manifest, that the plaintiff is not entitled to any compensation under these provisions of the statute ; and that if he has any remedy, it must be founded on the prin-

ciples of the common law. The defendants have not taken down the plaintiff's pew, nor any part of the old meetinghouse.

In *Gay* v. *Baker*, 17 Mass. R. 435, it is said, that when, by altering or enlarging a meetinghouse, the pews are destroyed, it is incumbent on the parish, making such alteration or enlargement, to provide an indemnity for the pewholders on just and equitable principles. But the parish are not required to provide any indemnity for the pewholders, when it becomes necessary to take down an old meetinghouse, which is unfit for use as a place of public worship, unless such indemnity is provided for by statute, as was decided in *Wentworth* v. *First Parish in Canton*, 3 Pick. 346. And in no case can be found any intimation, that a parish or religious society would subject themselves to any liability to the pewholders, in consequence of abandoning their meetinghouse as a place of public worship, although the pews may thereby be rendered useless.

The law is the same if public worship should be wholly discontinued, either in the meetinghouse or elsewhere, by reason of the inability of the parish to maintain public worship, and to pay the necessary expenses of repairing the meetinghouse, whether this inability be caused by the reduction of the number of parishioners or otherwise.

Now as every member of a religious society may at any time dissolve his membership at his pleasure, it may often happen that the members of a religious society may withdraw therefrom in such numbers as to disable the society to maintain public worship ; and when a religious society or parish is thus disabled, it is clear that the pewholders would have no cause of complaint if the society or parish should abandon their meetinghouse, and wholly cease to occupy it as a place of public worship.

And there does not seem to be any material distinction between the legitimate exercise of the powers of a parish in the cases supposed, and that which is charged against the defendants, in the present case. It can make no material difference to the pewholders, whether the defendants abandoned their meetinghouse, or suffered it to become ruinous and unfit for use, as a place for public worship, or whether the defendants ceas-

<div style="margin-left: margin">
Fassett
v.
First Parish
in Boylston.
</div>

ed to support public worship, or supported it at another place. In either case the damage to the plaintiff would be the same; and in both cases it would be *damnum absque injuriâ*.

. It is admitted, that the defendants had a right to abandon their old meetinghouse, and to build a new one, but the plaintiff's counsel contend, that he is entitled to compensation. No authority, however, has been cited in support of such a claim. He clearly has no such claim under any statute; nor are we aware of any principle of the common law, on which it can be maintained. There is nothing in the case to show, that the defendants have acted wantonly or unreasonably, or with any intention to injure the plaintiff. All the other pewholders have an interest similar to his; and it does not appear, that any objection has been made to the building of a new meetinghouse, by any other pewholder. Under these circumstances there seems to be no ground upon which the plaintiff's claim for compensation can be maintained.

*Verdict set aside and new trial granted.*